## WEST'S APPEAL.

Death is not such an accident as to be a ground of relief in equity in cases of express contract

Appeal from Common Pleas No. 2, of Philadelphia County. In Equity. No. 56 July Term, 1882.

This was an appeal by Rebecca G. West, executrix and sole devisee of Edward A. Graham, deceased, in a case in equity against David W. Bradley's estate.

The plaintiff's testator, Edward A. Graham, on January 31st, 1873, conveyed to the defendants' intestate, David W. Bradley, certain premises known as "Graham's Packing House," in pursuance of a written agreement, dated the preceding day (January 30th, 1873), providing (*inter alia*) for a repurchase by Graham of the premises within a year after the date of the deed, and also for the employment by Graham, during the year, in the business carried on upon the premises by Bradley, receiving, "as his compensation therefor, a sum of money equivalent to one-third of the net profits of the busi-

ness." Graham died February 21st, 1873, leaving Rebecca G. West, his executrix, and sole legatee and devisee, the said David W. Bradley died October 19th, 1876, intestate, leaving as his heirs-at-law the defendants, Ann Jane O'Callaghan, intermarried with Francis O'Callaghan, Martha Wilson, intermarried with one Norris Wilson, Mary Ann Magee, Ella Brady, Josephine Brady, and Annie Bradford, intermarried with one Taylor Bradford, and letters of administration upon his estate were granted to the defendants, Francis O'Callaghan, Norris Wilson and James G. Magee. The bill in this case, which belongs to the class known as bills framed with a double aspect, upon the one hand claimed that owing to an *accident*, to wit, the unanticipated death of the said Edward A. Graham in 22 days after the date of the agreement under which the premises were conve 1 as aforesaid, that the provisions thereof in his favor became incapable of execution as to the benefits to be received on his part, and substantially prayed that the contract might be treated as rescinded, and the values of the interests of the respective parties in the premises and contract to convey might be adjusted upon equitable princi- ples; upon the other an account was prayed of the profits of the year in which plaintiff's testator was entitled to a third interest therein.

The Court dismissed plaintiff's bill in the following opinion, per

Mitchell, J.:

Under the agreement of 30th January, 1873, Edward Graham had a right—

1. By paragraph III, to repurchase at the end of the year.

2. By paragraph VII, to have a compensation for his services during the year, equivalent to one-third of the net profits of the business.

3. By paragraph VIII, to have the same compensation for a second year if Bradley continued the business, or an interest in a new firm if one should be formed.

4. By paragraph IX, to have a lease of the property in a certain contingency.

These were all the rights of Graham under the agreement and of these the third and fourth may be dismissed at once as dependent on contingencies which never arose in fact.

Taking up then, first, the right to repurchase at the end of the year, the bill does not state that this option (admitting merely for the purpose of the argument that it came to complainant under the will of Graham) was effectively exercised by complainant. No tender of the money is averred, nor even a demand for the reconveyance; but, on the contrary, it is admitted, inferentially that neither demand nor tender was ever made, but that complainant made an incompleted sale of the option, averring that it failed of completion by reason of the interference of Bradley, and we learn from the answer that this interference is the subject of a suit now pending in the Court of Common Pleas No. 4.

None of the prayers for relief relate to this right to repurchase, and we therefore may pass it without further notice.

The second right, as above set forth, is to a compensation for Graham's services by a sum equivalent to one-third of the profits. It cannot be claimed that Bradley was liable to pay for the whole year, for we know of no principle of law or equity which would sustain a claim. By the general rule Graham could have recovered nothing unless he rendered services for the entire year: Cutter vs. Powell, 2 Smith's Lead. Cases, 1212. Graham died in February, 1873, and the most that could be claimed for his estate would be compensation quantum meruit for the time he actually rendered his services. If such claim was good at all it was good at law, and was barred by the statute of limitations before the filing of this bill. The case is not altered by the provision that Graham should receive the compensation even if he "should be prevented by sickness from rendering such services during the whole or part of said year." By that agreement Bradley took the risk of the loss of Graham's services by sickness, but that would not justify us in extending it to a total loss of his services by death. *Expressio unius exclusio alterius.*

The bill sets forth that Graham had recently purchased the property at much less than its real value; that that fact was

known to Bradley when he bought it of Graham at the same price; that one of the main objects of the parties in making the agreement of January, 1873, was to preserve the business and good will of the old firm of N. A. Graham & Co., carried on that place, and to save the rights and interest of Edward Graham, therein; and that this principal part of the consideration has failed through the accident of the death of Graham; and thereupon the bill prays an inquiry and account of the real value of the premises and the good will, etc.

On this, which is the *gravamen* of the bill, it is sufficient to say, first, that in case of express contract, where the parties might have provided for the effect of death if they had so chosen, death is not an "accident" against which equity will relieve: Story Eq. Juris., §§ 103, 104.

And, secondly, though the bill sets out that Bradley bought the property at much less than its real value, yet it is not averred that there was any fraud on his part, or that he or any one else would have given any more. Graham's habits are averred in the bill to have been bad, and the business in danger of running utterly to waste on that account. The sale was clogged with a condition of purchase at the end of the year at Graham's option, or of taking him as a partner if a new firm should be created to continue the business. Under such circumstances Bradley might well have refused to buy except at a bargain. To make his estate answerable now for a price calculated on new and different principles, would be making an agreement for him outright that he not only never made, but which there is no evidence he ever would have consented to make for himself.

Graham died in February, 1873, and all the complainant's rights as his devisee, whatever they may be, accrued to her then. This bill was not filed till April, 1879, and might well be dismissed for the staleness of its complaint. But as we have examined it carefully, and are of opinion that it presents no equity on the merits, we prefer to rest our decision on that ground.

Bill dismissed with costs.

Rebecca G. West then appealed.

*N. H. Sharpless, Esq.*, for appellant, argued that Graham conveyed a valuable property to Bradley and in consideration was to be paid one-third of the net proceeds, even though he was prevented from rendering the services.

*Samuel Dickson, Esq., contra*, relied on the opinion of the Court, and cited White vs. Nutt, 1 Peere Williams, 61; Mortimer vs. Capper, 1 Bro., Ch. R., 156; Jackson vs. Lever, 3 Bro. Ch. R., 605.

The Supreme Court affirmed the decree of the Common Pleas on Jaunary 21st, 1884, in the following opinion,

PER CURIAM:

Under the unquestioned facts in this case, we are unable to discover any ground on which this bill can be maintained. It is a well recognized rule in equity that in case of express contract, where the parties might have provided for the effect of death if they had so chosen, but did not, death is not considered an accident against which equity will relieve. It is too certain to be considered an accident in the contemplation of the parties to an express contract unless so specified. Graham did not perform his part of the contract. He did not render services for one year. His estate at most could recover compensation only for the services rendered. If such a claim was ever valid, it was ripe for action at law more than six years before this bill was filed. The opinion of the learned judge fully sustains the decree dismissing the bill.

> Decree affirmed and appeal dismissed at the costs of the appellant.